J-S36006-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BILLY BACON | : | |
| | : | |
| Appellant | : | No. 694 MDA 2018 |

Appeal from the PCRA Order March 28, 2018
In the Court of Common Pleas of Bradford County
Criminal Division at No(s):  CP-08-CR-0000683-2008

BEFORE:   PANELLA, P.J., SHOGAN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PANELLA, P.J.:                **FILED NOVEMBER 15, 2019**

Billy Bacon appeals *pro se* from the March 28, 2018 order entered in the Bradford County Court of Common Pleas, dismissing his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa. C.S.A. §§ 9541-9546, without a hearing. Additionally, Bacon's appointed counsel has filed a no merit letter in accordance with **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988). After careful review, we affirm the order and grant counsel's petition to withdraw.

In 2009, following a jury trial, Bacon was convicted of involuntary deviate sexual intercourse with a child, two counts of aggravated indecent assault of a child less than 13 years old, sexual assault, and indecent assault

_____

[*] Retired Senior Judge assigned to the Superior Court.

of a child.[1] On October 19, 2009, the trial court sentenced Bacon to an aggregate term of 18 years' to 36 years' imprisonment. After his post-sentence motion was denied, Bacon filed a timely notice of appeal. This Court affirmed Bacon's judgment of sentence, and the Pennsylvania Supreme Court later denied his petition for allowance of appeal on October 19, 2011.

After exhausting his direct appeal rights, Bacon wrote to the court expressing his desire to file a PCRA petition. The court appointed Tiffany Cummings, Esquire ("Attorney Cummings") as PCRA counsel on June 28, 2012. Yet, in the years following her appointment as PCRA counsel, Attorney Cummings was unable to file a petition for collateral relief due to Bacon's unwillingness to participate in the matter. Eventually, Bacon acquiesced and requested that Attorney Cummings seek post-conviction relief on his behalf. Pursuant to Bacon's wishes, Attorney Cummings filed a "*Nunc Pro Tunc* Petition to Allow Filing of PCRA Petition." Accordingly, the court granted Bacon *nunc pro tunc* relief on July 27, 2015. **See** Trial Court Order, 07/27/15.

Thereafter, Attorney Cummings petitioned the PCRA court to withdraw her representation. As a result, the court granted Cummings leave to withdraw and appointed Carrie Donald, Esquire ("Attorney Donald") as Bacon's PCRA counsel. **See** Trial Court Order, 09/01/16; **see also** Trial Court Order, 09/02/16. In appointing new counsel, the PCRA court also provided Bacon with an extension to file his petition.

---

[1] **See** 18 Pa. C.S.A. §§ 3123(b), 3125(a)(7), 3125(b), 3124.1, and 3126(a)(7), respectively.

Bacon, through counsel, filed his PCRA petition on November 14, 2016, alleging the verdict was against the weight of the evidence; his constitutional rights were violated at trial; and the victim recanted his trial testimony. **See** Appellant's PCRA Petition, 11/14/16. The PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss Bacon's petition, reasoning that his claims were mostly waived and without merit.[2] **See** PCRA Court Notice, 06/08/17, at 2. The PCRA court dismissed Bacon's collateral pleading on March 28, 2018. Bacon timely filed a *pro se* notice of appeal, and Attorney Donald subsequently filed a **Turner/Finley** letter and a motion to withdraw.

Before we address Bacon's appeal, we must consider the adequacy of Attorney Donald's **Turner/Finley** filings. The **Turner/Finley** procedure requires proof of:

> 1) A no-merit letter by PC[R]A counsel detailing the nature and extent of his review;
> 2) The "no merit" letter by PC[R]A counsel listing each issue the petitioner wished to have reviewed;
> 3) The PC[R]A counsel's "explanation," in the "no merit" letter, of why the petitioner's issues were meritless;
> 4) The PC[R]A court conducting its own independent review of the record; and

---

[2] On December 20, 2017, during the pendency of his PCRA petition, Bacon filed a *pro se* application for reinstatement of his collateral appellate rights *nunc pro tunc*. **See** Appellant's Application, 12/20/17. He also filed three subsequent applications seeking the same relief. Consequently, this Court denied Bacon's subsequent applications for relief without prejudice and directed the PCRA court to rule on his December 20, 2017 petition within 30 days of its order. **See** Superior Court Order, 02/21/18. Following that, the PCRA court issued an order on February 28, 2018, declaring Bacon's application as moot because no final order had been entered on his PCRA. **See** PCRA Court Order, 02/28/18.

> 5) The PC[R]A court agreeing with counsel that the petition was meritless.

*Commonwealth v. Widgins*, 29 A.3d 816, 818 (Pa. Super. 2011) (citation omitted). "Counsel must also send to the petitioner: (1) a copy of the 'no merit' letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel." *Commonwealth v. Wrecks*, 931 A.2d 717, 721 (Pa. Super. 2007) (citation omitted). Substantial compliance with the above requirements is sufficient to secure permission to withdraw from representation. *See Widgins*, 29 A.3d 816 at 819.

Upon review of counsel's no merit letter, Attorney Donald identified the sole claim asserted by Bacon, reviewed the merits of that claim, and explained why the claim lacked merit. *See Turner/Finley* Letter, 04/30/19, at 3-4. She also served copies of her filings on Bacon and provided an explanation of his right to proceed *pro se* or with private counsel. *See id*. Therefore, we conclude Attorney Donald substantially complied with the *Turner/Finley* requirements. *See Widgins*, 29 A.3d 816 at 818-819.

Next, we note Bacon did not submit a *pro se* appellate brief, and the sole claim raised in the *Turner/Finley* letter is whether the victim recanted his trial testimony. However, prior to reaching the merits of Bacon's claim, we must first consider the timeliness of his PCRA petition.

In Pennsylvania, it is well settled that no court has jurisdiction to hear an untimely PCRA petition. *See Commonwealth v. Robinson*, 837 A.2d 1157, 1161 (Pa. 2003). Generally, a PCRA petition must be filed within one

year from the date the judgment of sentence becomes final. ***See Commonwealth v. Brandon***, 51 A.3d 231, 233 (Pa. Super. 2012); ***see also*** 42 Pa. C.S.A. § 9545(b). To overcome the PCRA's time-bar, a petitioner must allege and prove one of three exceptions: (1) interference by government officials in the presentation of the claim; (2) newly discovered fact evidence; and (3) an after-recognized constitutional right. ***See*** 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).[3] When one of these exceptions is met, the petition will be considered timely under the PCRA. ***See Commonwealth v. Gamboa-Taylor***, 753 A.2d 780, 783 (Pa. 2000). Therefore, as Pennsylvania law makes clear, the time limitations of the PCRA are jurisdictional in nature and, as such, a court cannot address the merits of an untimely petition, unless an exception is met. ***See Commonwealth v. Robinson***, 837 A.2d 1157, 1161 (Pa. 2003); ***see also*** 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).

Here, as Bacon did not file a petition with the United States Supreme Court, his judgment of sentence became final for purposes of the PCRA on January 16, 2012. ***See*** 42 Pa. C.S.A. § 9545(b)(3) ("[a] judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania,

_____

[3] On October 24, 2018, the General Assembly amended section 9545(b)(2) of the PCRA statute to expand the time for filing a petition from 60 days to one year from the date the claim could have been presented. ***See*** 2018 Pa.Legis.Serv.Act 2018-146(S.B. 915), effective December 24, 2018. The amendment applies only to claims arising one year before the effective date of this section, *i.e*. December 24, 2017, or thereafter. Therefore, this amendment does not apply to Bacon's petition, filed November 14, 2016.

or at the expiration of time for seeking the review."). His petition, filed four years later, is patently untimely. Therefore, since Bacon failed to plead and prove an exception to the PCRA's time limit, the PCRA court lacked jurisdiction to review the merits of Bacon's PCRA petition.

The court's July 27, 2015 order granting Bacon the right to file a PCRA petition *nunc pro tunc* does not alter this conclusion. In his counseled petition for *nunc pro tunc* relief, Bacon asserted that his depression prevented him from filing a timely PCRA petition. Bacon did not identify any authority that his depression qualified for a timeliness exception, and our independent review reveals none. Therefore, the PCRA court did not have the authority to grant Bacon the right to file a *nunc pro tunc* petition. **See Commonwealth v. Bennett**, 930 A.2d 1264, 1267 (Pa. 2007) (holding a court has no authority to extend the PCRA's time limitations except as the PCRA statute permits).

Moreover, even if we were to review the merits of Bacon's claim, there is no evidence in the certified record to support Bacon's argument that the victim recanted his trial testimony. In fact, counsel asserts that "the victim vehemently denied recanting and informed [Attorney Donald] that he was confident [Bacon] was the perpetrator of the crime [against him]." **See** No merit letter, 4/30/19, at 4 (unnumbered). Bacon has not responded to this assertion. As such, this appeal lacks merit. Therefore, we affirm the order dismissing Bacon's PCRA petition and grant counsel's motion to withdraw.

Order affirmed. Petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>11/15/2019</u>